Nathaniel Sorkin, J.
Plaintiff, a New York City resident, seeks return of a deposit given to defendant, a resident of Westchester County, in connection with the purchase of the latter’s home. The action was commenced by personal service of a summons and short-form complaint upon the defendant in Westchester County.
Defendant moved to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 8), and the question of jurisdiction under the New York City Civil Court Act (§ 404, subd. [a], par. 1) was referred for hearing and determination. The issue was submitted upon agreed facts in lieu of a hearing.
Plaintiff went to the real estate office of Sutton & Whittemore in Larchmont, Westchester County, for the purpose of buying a home. Lloyd Harris of Sutton & Whittemore contacted Ann drogan of Marion H. Cremin’s Agency in Westchester County, defendant’s agent, and both brokers accompanied plaintiff to the defendant’s Larchmont home, which was for sale. Sutton & Whittemore, through Harris, was assumed to be a subagent of Ann drogan.
On or about April 19, 1965, following negotiations over the telephone between Harris in Westchester and plaintiff in New York City, Sutton & Whittemore mailed a binder to plaintiff in New York City, which he executed in New York City and returned together with his check for $1,000 from New York City to Harris in Westchester. Defendant deposited the check and thereafter employed counsel in New York City to continue negotiations with respect to the sale of the property. The parties never conducted any negotiations personally between each other. Negotiations were held in New York City between counsel for the respective parties leading to a proposed contract of sale, which was prepared in New York City and delivered to plaintiff’s attorneys in New York City, providing for execution by plaintiff in New York City and closing of title in New York City or any lending institution.
*510 The basic issue herein is whether defendant transacted any business in New York City relating to the sale of her Westchester County home within the meaning of the New York City Civil Court Act (§ 404, subd. [a], par. 1).
In Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc. (15 N Y 2d 443), the Court of Appeals stated at page 457 the following: “ Therefore, even though the last act marking the formal execution of the contract may not have occurred within New York, the statutory test may be satisfied by a showing of other purposeful acts performed by the appellant in this State in relation to the contract, albeit preliminary or subsequent to its execution” (emphasis supplied).
The contention, that the only facts material to determining whether the defendant was transacting business in New York City are the incidents relating to the binder, lacks practicality. The parties were involved in a real estate deal, namely, the sale of defendant’s home. The binder is only one of the steps taken in connection with the sale, since a formal contract and a title closing were contemplated. All of these steps in relation to the deal for which the deposit was given are purposeful acts which must be considered together in deciding whether the defendant was transacting business in New York City within the meaning of the New York City Civil Court Act (§ 404, subd. [a], par. 1). The activities in which the defendant, through her agents, engaged in New York City meet the liberal .statutory criteria requisite to establish jurisdiction over the person of the defendant. Accordingly, the motion is denied.